# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1484 | **DATE** | 3/16/2011 |
| **CASE TITLE** | Charles Fountain (#B-34541) vs. Warden Frank Shaw, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Aguinaldo's motion to dismiss [#16] is granted. Aguinaldo is dismissed as a defendant pursuant to Fed. R. Civ. P. 12(b)(6).

O [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials, kitchen workers, and health care providers, violated the plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement and by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that he was served contaminated food, that he became ill after seeing (or partially consuming) a rodent he found in his meal, and that he was denied needed medical attention for his adverse reaction. This matter is before the court for ruling on defendant Aguinaldo's motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion is granted.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir.2006). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal
**(CONTINUED)**

mjm

claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.*, 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted): "A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court."

## FACTS

The plaintiff is a state prisoner, confined at the Stateville Correctional Center at all times relevant to this action. Defendant Aguinaldo is a staff physician at Stateville.

The plaintiff alleges the following facts, which will be assumed true for purposes of this motion: On July 15, 2010, the plaintiff was eating his meal when he noticed a rat in the food. The plaintiff summoned correctional officers, one of whom directed that the plaintiff be given another tray of food, while another of whom accused the plaintiff of simply trying to get more food.

Eventually, the plaintiff was sent to the health care unit, where he had a consultation with Aguinaldo. Aguinaldo scolded the plaintiff for complaining and remarked that rodents are a delicacy in some countries. Aguinaldo merely gave the plaintiff a pill to coat his stomach. Shortly thereafter, the plaintiff was transferred to another facility.

## DISCUSSION

Even accepting the plaintiff's allegations as true, the court finds that the complaint fails to state an actionable Eighth Amendment claim against Aguinaldo. The plaintiff's perceived need for medical care did not rise to the level of constitutional concern.

It is well settled that prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display "deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, **(CONTINUED)**

| STATEMENT (continued) |
|---|

414 F.3d 645, 65253 (7th Cir. 2005), *quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted); *see also Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *See Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005).

To satisfy the subjective component, a prisoner must demonstrate that the prison official in question acted with a " 'sufficiently culpable state of mind.' " *Farmer*, 511 U.S. at 834 (*quoting Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The official or health care provider must know of and disregard an excessive risk to inmate health; indeed he must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Greeno*, 414 F.3d at 653, *quoting Farmer*, 511 U.S. at 837. It should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010), *citing Estelle*, 429 U.S. at 106. However, deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment. *Greeno*, 414 F.3d at 654.

In the case at bar, the plaintiff cannot satisfy either prong. The plaintiff undoubtedly experienced nausea, revulsion and distress when he consumed or saw a rat on his food tray; it is entirely unacceptable for an inmate to find a rodent in his meal. Nevertheless, the plaintiff's understandably violent reaction to the rat did not amount to a serious medical need for purposes of constitutional analysis.

As stated above, the Constitution is violated only if prison officials are inattentive to an objectively "serious" medical need (or signs of a serious medical need). *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). A medical condition "that has been diagnosed by a physician as mandating treatment" may constitute a serious medical need. *Edwards v. Snyder*, 478 F.3d 827, 830 -831 (7th Cir. 2007) (*quoting Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), *citing Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Here, although the plaintiff feared contracting an illness from the "contaminated" food, his anxiety alone did not constitute a serious medical need. In the absence of actual illness, the plaintiff had no objectively serious need for medical treatment.

Nor can the plaintiff show subjective deliberate indifference. Certainly, defendant Aguinaldo might have shown more sympathy for the sickened plaintiff; however, in light of any real injury, dispensing a tablet to relieve the symptoms of an upset stomach did not amount to deliberate indifference. A failure "to dispense bromides for the sniffles or minor aches and pain or a tiny scratch or a mild headache–the sorts of ailments for which many **(CONTINUED)**

| STATEMENT (continued) |
|---|

people who are not in prison do not seek medical attention–does not by its refusal violate the Constitution." *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996).

In short, under the facts alleged, it cannot reasonably be argued that the defendant's response "was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *See Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011), *citing Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008). A health care provider acting in his professional capacity "may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Ibid.* The plaintiff cannot meet that burden.

For the foregoing reasons, defendant Aguinaldo's motion to dismiss [document no. 16] is granted. Aguinaldo is dismissed as a defendant pursuant to Fed. R. Civ. P. 12(b)(6).